## Case No. 3,692.

DAY et al. v. WALLS.

[35 Leg. Int. 468.] [1]

District Court, E. D. Pennsylvania.    Nov. 30, 1878.

TRADE-MARKS—JURISDICTION OF DISTRICT COURT.

[This was a suit by Day & Frick against P. Walls.]

Mr. Buckley, for complainants.

Peirce Archer, Jr., for defendant.

Held by CADWALADER, District Judge, following the case of Leidersdorf v. Flint [Case No. 8,219], that the United States district court has no jurisdiction to entertain conflicts over trade-marks.

DAYTON (LEVERINGE v.). See Case No. 8,288.

## Case No. 3,693.

DAYTON v. WRIGHT et al.

[2 Ban. & A. 449; [2] 11 O. G. 197.]

Circuit Court, N. D. Illinois.   Oct. Term, 1876.

RES JUDICATA—PARTIES AND PRIVIES—DECREE IN PATENT CASE.

1. Wright and another defendant were enjoined by the circuit court in another circuit from manufacturing a sieve infringing Mann's patent. Pendente lite Mann died; the suit was revived by his executor; the defendants were decree to have infringed Mann's patent, and the case was referred to a master to assess damages. Complainant purchased the patent, and, before the master's report came in, filed this bill in this court against Wright and one Herring, whom, since the decree in the former suit, Wright had associated with him in same manufacture here: Held, that complainant is in privity to the decree in the former suit, and that Wright and his present partner Herring are also in privity thereto, so that each of them is bound thereby.

2. The defendants in this case denied the validity of the patent, and alleged some instances of prior use not set up in the former case, but only cumulative upon the same point: Held, that the parties and subject-matter, being before the court in the former case, the defendants would be bound by its decree, and that as only an interlocutory decree had been entered therein, this court must presume that if new evidence had been discovered material to the issue, the former case would be opened and the new proof let in on proper application to that court.

[This was a bill in equity by George E. Dayton against George Wright and others for the alleged infringement of letters patent No. 130,514, granted to one R. J. Mann, August 13, 1872. On motion to dissolve a preliminary injunction.]

Coburn & Thacher, for complainant.

West & Bond, for defendants.

BLODGETT, District Judge. This is an application to dissolve an injunction which was granted some time since, enjoining the defendants, George Wright & Co., from manufacturing a certain kind of sieve, which, it is alleged, was in violation of the patent granted to one Mann, and now held by the complainant.

It appears from the pleadings and proofs, that a patent, in due form, was granted to Mann for a specific method of constructing a wire sieve with a metallic rim, the device consisting of the mode by which the wire-gauze was fastened into the rim. During his life-time Mann commenced a suit in the United States circuit court for the western district of Missouri, against Wright and another defendant, to enjoin an alleged infringement of this patent. Wright and his codefendant answered the bill filed in that court, and two issues were made up—First, whether there was an infringement; second, whether the device of Mann was novel and patentable. Pending this suit Mann died, and the suit was revived by his executor. Testimony was taken, and the case was brought to a hearing a few months since, and a decree made finding that the defendants had infringed the patent, and that the patent was valid. The case was then referred to a master for the purpose of assessing the damages, and it would seem, from the record produced here, to be still awaiting the master's report. After the entry of this decree, this bill was filed against the defendant, Wright, and his codefendant, who since said trial had engaged in the same manufacture here. The complainant has purchased from Mann's administrator the right to this patent, and now holds the same.

I have no doubt, therefore, but that he stands in full privity to this decree, and that the defendant, Wright, is also bound by the decree as a privy thereto. I am also of the opinion that the other defendant, Wright's present partner, is so far in privity with the former case by his partnership relation to Wright, that he is also bound by this decree, as I do not think Mr. Wright can escape the force of the decree by associating another person with him.

The defendants now seek to reopen the whole controversy by denying the validity of the patent, alleging some instances of prior use of the device not set up in the former case, but, at most, only cumulative upon the same point. This, I think, cannot be allowed. The parties and subject-matter were properly before the Missouri court, and must be held bound by its decree, so long as the same remains in force. That being only in one sense an interlocutory decree, this court must presume that if new evidence has been discovered material to the issue, the case would be opened, and the new proof let in on proper application to that court.

Entertaining these views, I must refuse to dissolve this injunction, leaving the injunction in force until a final hearing of the case, and a more full argument.

DAYTON, The L. P.   See Case No. 7,192.

[1] [Reprinted by permission.]
[2] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]